IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HENDRICK JAMES HAMERTER          *

   Petitioner                              *       Civil Action No. DKC-07-111
                                                         Criminal Action No. DKC-01-518
v.                                         *       (ECF Exempt)

UNITED STATES OF AMERICA           *

   Respondent                             *

                                     ****************

**MEMORANDUM**

Pending is a pro se 28 U.S.C. § 2255 motion filed by Hendrick James Hamerter, an inmate incarcerated at the Federal Correctional Center in Coleman, Florida. Paper No. 262, Criminal No. DKC-01-518.

On January 13, 2003, the court entered judgment, sentencing Hamerter to 127 months imprisonment after he pleaded guilty to conspiracy to distribute and possess with intent to distribute marijuana and cocaine in violation of 18 U.S.C. §846. Hamerter noted a timely appeal which was denied on March 4, 2004. The Fourth Circuit Court of Appeals' mandate issued on March 29, 2004. On February 21, 2006, Hamerter moved the Fourth Circuit Court of Appeals to recall its mandate so that he could file a petition for writ of certiorari. The motion to recall the mandate was denied. *See Hamerter v. United States*, CA #03-4086 (4th Cir. 2004). On March 13, 2006, Hamerterr filed an untimely petition for writ of certiorari in the United States Supreme Court, which was denied on April 17, 2006. *Id.* On January 8, 2007, Hamerter filed the instant motion to correct his sentence.[1]

---

[1] The motion, dated January 8, 2007, was received by the Clerk on January 12, 2007. For the purposes of assessing timeliness under 28 U.S.C. § 2255, the court will deem the motion delivered to prison authorities on the signature date. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (petition deemed to have been



A motion to vacate, set aside, or correct a federal sentence must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255.[2] For federal criminal defendants who do not file a timely petition for certiorari on direct review, the one-year limitation period starts to run when the time for seeking such review expires. *See Clay v. United States*, 537 U.S. 522, 524 (2003). The time during which Hamerter could have petitioned for certiorari expired 90 days after entry of the Court of Appeals' judgment. *See* SUP CT. R. 13(1); *see also Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Sanders*, 247 F. 3d 139 (4th Cir. 2001) (holding a conviction becomes final on date judgment is entered where petitioner does not pursue direct appeal). Petitioner's failed effort to recall the mandate (an effort undertaken only after the one-year limitation period set out under AEDPA for filing a motion to vacate had already expired) does not serve to toll the limitations period.

Under the facts presented here, the one-year period of limitations started to run on March 29, 2004, and expired one year later. Consequently, the instant § 2255 motion, filed on January 8, 2007, is untimely by almost three years.

---

filed on date it was deposited with prison authorities for mailing under "prison mailbox" rule).

[2] Section 28 U.S.C. §2255 provides in pertinent part:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Consonant with *United States v. Sosa,* 364 F.3d 50, 512 (4th Cir.2004) and *Hill v. Braxton,* 277 F.3d 701, 707 (4th Cir. 2002), the court granted Hamerter thirty days to demonstrate why the petition is timely or why equitable tolling is warranted. Paper No. 264, Criminal No. DKC-04-518. Hamerter has responded to the court's order. Paper No. 267, Criminal No. DKC-04-518. Rather than argue grounds for equitable tolling, , he states that the court has erred in finding his motion to vacate untimely. Hamerter states that the statute of limitations should begin to run anew after the denial of his untimely-filed petition for writ of certiorari  For the reasons stated above, this court disagrees. Hamerter's untimely-filed petition for writ of certiorari did not serve to toll the limitations period found in AEDPA. Hamerter has offered no arguments in favor of equitably tolling, and, accordingly, the motion shall be denied. A separate Order follows

<u>     May 21, 2007     </u>  
Date

*[signature]*  
DEBORAH K. CHASANOW  
United States District Judge

3